THOMAS W. MOFFITT, APPELLEE, V. GERTRUDE D. REED ET AL., APPELLEES: VERNETTA MARIE HANSEN ET AL., APPELLANTS.

FILED JUNE 28, 1935. No. 29161.

*Walton B. Roberts, Guardian ad litem,* and *Sorensen, Kyle, Newkirk & Rein,* for appellants.

*Robert E. Dickman, T. R. P. Stocker* and *William Niklaus, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

CHASE, District Judge.

This suit was originally instituted for the purpose of foreclosing a tax lien. Decree of foreclosure was rendered, the premises sold, and objections were urged to the confirmation of the sale, which objections were overruled and the sale confirmed. This case is an appeal from the order of the trial court overruling the objections and confirming the sale.

The premises involved consist of 80 acres of land in Lancaster county. The defendant Gertrude D. Reed is the owner of a life estate and the defendants Vernetta Marie Hansen, Emma Lois Ryan, Merle Warren Rasmussen and Victor Reed Rasmussen, all of whom are minors, are the owners of the remainder in fee. The minors are represented by a guardian *ad litem* and are the parties mainly interested in the prosecution of this appeal.

The trial court, by its decree, ordered the life estate sold first, and if the proceeds of the sale should be insufficient to discharge the amount due under the decree, then the remainder interest should be sold. From the officer's return it appears that the sale was held on the 1st day of August, 1933, and according to the command of the decree he offered the interest of Gertrude D. Reed for sale and sold the same to Mary E. Reed for $415. This sum not being sufficient to satisfy the decree, he sold the remainder interest to the said Mary E. Reed for $1,505, making the total $1,920.

The guardian *ad litem* filed objections to the confirmation of the sale. The guardian *ad litem* in his brief argues that the amount bid at the sale was grossly disproportionate to the value of the land. No objection below was predicated on that proposition by the objectors. This not being before the lower court for consideration, it cannot be considered here.

The only ground raised by the objections that could be considered is that there was sufficient money in the hands

of the receiver resulting from the collection of rents and profits of the land, plus the amount bid for the life estate, to satisfy the decree. Evidence was taken upon this subject and the trial court resolved that fact against the objectors.

After consideration of the entire record, we are unable to find error committed by the trial court in its disposition of the objections. The judgment is therefore

AFFIRMED.